NOT FOR PUBLICATION                                              CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

CARMELO HERRERA,                    :

        Petitioner,            :          Civil Action No. 11-0734 (SRC)

        v.                     :

PETER K. LAGANA, et al.,             :     **MEMORANDUM OPINION AND ORDER**

        Respondents.           :
_____

**CHESLER**, District Judge

      This matter comes before the Court upon two Petitioner's motions, one styled as a motion for reconsideration and another seeking a certificate of appealability, see ECF Nos. 20 and 21, and it is appearing that:

      On February 9, 2011, Petitioner filed a § 2254 petition challenging his conviction. See ECF No. 1. After this Court twice advised Petitioner of his rights under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), Petitioner requested withdrawal of his petition for the purposes of filing his all-inclusive application in place of the withdrawn pleading. See ECF Nos. 3, 4, 7 and 8. However, on February 23, 2012, Petitioner moved for reinstatement of his withdrawn pleading and this Court's ruling on it as originally filed. See ECF No. 9. Correspondingly, this Court reinstated the petition and, Respondents having answered the Petition and Petitioner traversing, dismissed the petition and declined to issue a certificate for appealability. See ECF Nos. 10 to 19. The motions at bar followed; they challenge Petitioner's conviction anew, on the basis of an additional ground, namely, that his sentence improperly included the 85% parole disqualifier

provided for in the "No Early Release Act" ("NERA"), N.J. Stat. Ann. 2C:43-7.2, and his defense counsel failed to challenge that parole disqualifier.  See ECF Nos. 20 and 21-2.

Petitioner's motions present a second and successive § 2254 petition filed without the required leave from the Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A).  Therefore, this Court is without jurisdiction to address Petitioner's NERA-based challenges.  Alternatively, the motions could be construed as Petitioner's application for such leave from the Court of Appeals. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.

Here, this Court finds that it is not in the interest of justice to transfer Petitioner's motions to the Court of Appeals, since it is not immediately apparent whether Petitioner's NERA challenges were duly exhausted at all three levels of the state court.  Moreover, a federal court may review a state sentence only where the challenge is based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies," see Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987) (citation omitted), which means that an attack on the state court's discretion at sentencing cannot be reviewed in a federal habeas proceeding unless there is a showing of a violation of a separate federal constitutional limitation. See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984); Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also 28 U.S.C. § 2254(a); accord Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause").  However, no statement in this Order shall be construed as: (a) preventing Petitioner from seeking leave from the Court of Appeals on Petitioner's own; or (b)

expressing this Court's position that Petitioner's application for such leave, if filed, would be procedurally proper (or improper) or substantively meritorious (or meritless).

**IT IS**, therefore, on this 25th day of April, 2014,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's motions, ECF Nos. 20 and 21, are construed as Petitioner's second and successive § 2254 petition filed without the required leave and, correspondingly, dismissed for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail.


_____/s Stanley R. Chesler_____
**STANLEY R. CHESLER,**
**United States District Judge**